**Caroline WILLIAMS, on behalf of herself and persons similarly situated,**

**v.**

**Elliot L. RICHARDSON, in his official capacity of Secretary of the Department of Health, Education and Welfare.**

**Civ. A. No. 17128.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 16, 1973.

Jay E. Loeb, Atlanta, Ga., for plaintiff.

John W. Stokes, U. S. Atty., Stanley M. Baum, Asst. U. S. Atty., Atlanta, Ga., for defendant.

Before BELL, Circuit Judge, and EDENFIELD and O'KELLEY, District Judges.

EDENFIELD, District Judge:

Plaintiff in this class action filed her complaint on September 11, 1972 requesting that a three-judge court be convened to consider her attack on the constitutionality of Section 225 of the So-

cial Security Act, 42 U.S.C. § 425 (1970), which authorizes the Secretary of the United States Department of Health, Education and Welfare [the "Secretary"] to suspend payments of disability insurance benefits if he believes on the basis of evidence submitted to him that the disability may have ceased. Plaintiff took the position that disability benefits which·she had been receiving had been suspended pursuant to Section 225. As a result of discovery, plaintiff subsequently learned that her benefits were *terminated* pursuant to Section 223 of the Social Security Act, 42 U.S.C. § 423 (1970), rather than *suspended* pursuant to Section 225. Accordingly, she now moves for leave to amend her complaint, to withdraw her request for a three-judge court, and for preliminary injunctive relief. Defendant also moves to dissolve the three-judge court, and defendant further moves to dismiss the complaint or, in the alternative, for summary judgment.

Plaintiff's proposed amended complaint attacks the constitutional sufficiency of the procedures followed by defendant in terminating disability benefits pursuant to Section 223 of the Social Security Act. The amended complaint no longer attacks the facial constitutionality of any statute. Hence if the court allowed the amendment a three-judge court would be unnecessary in this case. 28 U.S.C. § 2282 (1970).

Under Rule 15, Fed.R.Civ.P., leave to amend a complaint should be freely given in the interests of justice. Defendant has not opposed plaintiff's motion to amend and the court perceives no substantial prejudice to defendant if the motion were granted. Accordingly, leave to amend will be granted. It follows that both parties' motions to dissolve the three-judge court convened in this case will also be granted.

For the foregoing reasons plaintiff's motion for leave to amend her complaint is granted and the amended complaint shall be allowed filed. Plaintiff's and defendant's motions to dissolve the three-judge court convened in this case are also granted and the case is remanded to Judge Newell Edenfield, the originating judge, for all further proceedings necessary.

It is so ordered.